**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| John P. Leon   JL4638<br>Subranni Zauber LLC<br>750 Route 73 South – Suite 307B<br>Marlton, NJ 08053<br>(609) 347-7000; FAX (609) 345-4545<br>Attorneys for Debtors | Order Filed on July 14, 2015<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>RENAULT WINERY, INC.[1]<br><br>                              Debtor | Case No.:  14-33075-ABA<br>Judge:  Andrew B. Altenburg, Jr.<br>Chapter 11<br><br>JOINTLY ADMINISTERED |

| |
|---|
| Recommended Local Form:    ☐ Followed     ■ Modified |

**ORDER AUTHORIZING DEBTORS' RETENTION
OF EQUITY PARTNERS HG LLC AS THE DEBTORS' INVESTMENT
BANKER NUNC PRO TUNC TO THE AMENDED APPLICATION DATE**

The relief set forth on the following pages, numbered 2 through 4, is hereby ordered.

**DATED: July 14, 2015**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, and the last four digits of each Debtor's federal tax identification number, are:  Renault Realty, Co., LLC, (9787), Renault Golf, LLC (0618), Renault Winery Properties, LLC (7686), Tuscany House, LLC (6179), and Renault Winery, Inc. (7686).  The mailing address for each of the Debtors is 72 North Bremen Ave., Egg Harbor City, NJ 08215.

In re:        Renault Winery, Inc. et. al. (jointly administered)
Case No:    14-33075 (Lead Case)

Caption of the Order: ORDER AUTHORIZING THE RETENTION OF EQUITY PARTNERS HG LLC AS THE DEBTORS' INVESTMENT BANKER *NUNC PRO TUNC* TO THE APPLICATION DATE

Applicant:    Renault Winery, Inc. and all Debtors in these jointly administered cases.

☐ Trustee:    ☐ Chapter 7    ☐ Chapter 11    ☐ Chapter 13

■ Debtor:    ■ Chapter 11    ☐ Chapter 13

☐ Official Committee of Unsecured Creditors

Professional:    Heritage Equity Partners HG LLC

☐ Attorney for:

☐ Trustee    ☐ Debtor-in-Possession

☐ Official Committee of Unsecured Creditors

☐ Accountant for:

☐ Trustee    ☐ Debtor-in-Possession

☐ Official Committee of _____

■ Other Professional:

☐ Realtor    ☐ Appraiser    ☐ Special Counsel    ☐ Auctioneer

■ Other (specify): Investment Banker for the Debtors.

Upon the applicant's request for authorization to retain the professional named above,

It is hereby ORDERED as follows:

1. The Debtors in these jointly administered cases are authorized to retain the professional, Equity Partners HG LLC ("Equity Partners"), *nunc pro tunc,* to the date the amended retention application was filed, to serve as the Debtors' investment banker. The effective date of the retention is June 26, 2015.

In re: Renault Winery, Inc. et. al. (jointly administered)
Case No: 14-33075 (Lead Case)

Caption of the Order: ORDER AUTHORIZING THE RETENTION OF EQUITY PARTNERS HG LLC AS THE DEBTORS' INVESTMENT BANKER *NUNC PRO TUNC* TO THE APPLICATION DATE

2. Compensation shall be paid to Equity Partners out of the proceeds of a successful sale or other transaction upon closing in accordance with the compensation agreement set forth in the Retention Agreement between Equity Partners and the Debtors filed with the court.

3. Equity Partners shall file a final fee application only, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Trustee Guidelines, <u>provided</u>, <u>however</u>, that the final fee application filed by Equity Partners shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review set forth in section 330 of the Bankruptcy Code.

4. Notwithstanding the preceding paragraph of this Order and any provision to the contrary in the Application or the Equity Partners Agreement, the U.S. Trustee shall have the right to object to Equity Partners' request for final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and Debtors shall have the right to object to Equity Partners' request for final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code with respect to any restructuring of debts.

5. The requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Court, the Trustee Guidelines and any other orders and procedures of this Court, including D.N.J. LBR 2016-1, are hereby modified such that Equity Partners' professionals and non-professionals shall not be required to keep time records, <u>provided</u>, <u>however</u>, that, in connection with the final fee application, Equity Partners shall provide (i) individual daily

In re:      Renault Winery, Inc. et. al. (jointly administered)
Case No:    14-33075 (Lead Case)

Caption of the Order:   ORDER AUTHORIZING THE RETENTION OF EQUITY PARTNERS HG LLC AS THE DEBTORS' INVESTMENT BANKER *NUNC PRO TUNC* TO THE APPLICATION DATE

narratives of all Equity Partners professionals working on this chapter 11 case and (ii) a list of all professionals who provided services to the Debtor during the applicable period.

6. Equity Partners shall hold any advance payment for expenses until the approval of its final fee application in this case at which time such amount shall be applied to any outstanding amounts awarded by this Court.

7. The indemnification provisions of the Retention Agreement are subject to the following limitations set forth therein:

(a) Equity Partners shall not be entitled to indemnification, contribution or reimbursement, unless the indemnification, contribution or reimbursement is approved by the Court.

(b) Notwithstanding any provision hereof to the contrary, the Debtor shall have no obligation to indemnify Equity Partners and/or any person who controls Equity Partners (each, an "Indemnified Person") for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person's gross negligence, wilfull misconduct, bad faith or self-dealing to which the Debtor has not consented; (ii) for a contractual dispute in which the Debtor alleges breach of the Indemnified Person's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtor's consent prior to a judicial determination as to the person's gross negligence, wilfull misconduct, bad faith or uncontested self-dealing but determined by the Court, after notice and a hearing, to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution or reimbursement under the terms hereof.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution or reimbursement obligations under the Equity Partners Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application therefor with the Court, and the Debtor may not

In re:        Renault Winery, Inc. et. al. (jointly administered)
Case No:    14-33075 (Lead Case)

Caption of the Order:  ORDER AUTHORIZING THE RETENTION OF EQUITY PARTNERS HG LLC AS THE DEBTORS' INVESTMENT BANKER *NUNC PRO TUNC* TO THE APPLICATION DATE

pay any such amounts to the Indemnified Person before the entry of an order by the Court approving the payment.  This subparagraph (c) is intended only to specify a period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Persons for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify, or make contributions or reimbursements to, Indemnified Persons.  All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement.

8. In the event of any inconsistency between the terms of this Order and the Retention Agreement, the terms of this Order shall control.